**F I L E D**

MAY 1 1 2007

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHICAGO JOE'S TEA ROOM, LLC an Illinois Limited Liability Company and PERVIS CONWAY, individually, | ) ) ) | |
| Plaintiffs, | ) ) ) | **07CV2680** |
| v. | ) ) | **JUDGE GOTTSCHALL** |
| THE VILLAGE OF BROADVIEW, an Illinois Municipal Corporation, HENRY VICENIK, FITZGERALD MULLINS, JAMES JOHNSON, JR., ROBERT PAYNE, MICHAEL TYL, JOHN FERGUSON, SAM D'ANZA, BEVERLY KEEHM, JUDY ABRAHAM, BILLY DAVIS, JUANITA HINTON JOHNSON, MINNIE REESE, and RAY DONATO, | ) ) ) ) ) ) ) ) ) ) ) ) | **MAG. JUDGE MASON** |
| Defendants. | ) ) ) | |

## VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiffs, CHICAGO JOE'S TEA ROOM ("CHICAGO JOE'S") and PERVIS

CONWAY ("CONWAY)", complaining of Defendants, THE VILLAGE OF

BROADVIEW ("BROADVIEW"), HENRY VICENIK ("VICENIK"), FITZGERALD

MULLINS ("MULLINS"), JAMES JOHNSON, JR. ("JOHNSON"), ROBERT PAYNE

("PAYNE"), MICHAEL TYL ("TYL"), JOHN FERGUSON ("FERGUSON"), SAM

D'ANZA ("D'ANZA"), BEVERLY KEEHM ("KEEHM"), JUDY ABRAHAM

("ABRAHAM"), BILLY DAVIS ("DAVIS"), JUANITA HINTON JOHNSON

("JOHNSON"), MINNIE REESE ("REESE"), and RAY DONATO ("DONATO") allege as follows:

## INTRODUCTION

This case results from an attempt by local municipal officials' misuse of their power to censor speech and other expression with which they disagree. Defendants have imposed an unconstitutional prior restraint on the dissemination of erotic speech through the BROADVIEW licensing and zoning ordinances in violation of the First Amendment to the United States Constitution. Accordingly, Plaintiffs CHICAGO JOE'S and CONWAY seek Injunctive, Declaratory and Monetary Relief from this Court.

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff CHICAGO JOE'S is a limited liability company organized under the laws of the State of Illinois, with its principal place of business in Cook County, Illinois.

2. Plaintiff CONWAY is an individual resident of the state of Illinois who owns the parcel of land at 2850 Indian Joe Drive in BROADVIEW, Cook County, Illinois.

3. Plaintiff CHICAGO JOE'S desires to have its property used for the purpose of operating a cabaret and retail sales business within the Village of BROADVIEW, including the presentation of constitutionally protected erotic entertainment.

4. Defendant BROADVIEW is a Village organized under the laws of the State of Illinois and is located in Cook County, Illinois. HENRY VICENIK is the duly elected President of BROADVIEW. Defendants FITZGERALD MULLINS, JAMES JOHNSON, JR., ROBERT PAYNE, MICHAEL TYL, JOHN FERGUSON, SAM D'ANZA, BEVERLY KEEHM, JUDY ABRAHAM, BILLY DAVIS, JUANITA HINTON JOHNSON,

MINNIE REESE, and RAY DONATO are duly elected trustees of BROADVIEW and board members for committees of BROADVIEW.

5. The acts of these employees and agents were done under the color and pretense of the statutes, ordinances, regulations, customs and usages of Defendant BROADVIEW, and its divisions, pursuant to the official custom, habit, or policy of Defendant BROADVIEW, under color of its authority granted to it by the laws of the State of Illinois.

6. This Court has jurisdiction over the claims raised pursuant herein pursuant to 28 U.S.C. 1331, 1343 and 42 U.S.C. 1983, and 1988.

7. Venue is appropriate in the Northern District of Illinois, Eastern Division, since the acts complained of occurred within the District and Division.

## FACTUAL ALLEGATIONS

8. Plaintiff CHICAGO JOE'S is contracted with landowner Plaintiff CONWAY for purchase of a parcel of commercial real estate located at 2850 Indian Joe Drive in BROADVIEW, Illinois.

9. There is no zone in the Village of BROADVIEW where adult use is permitted without a special use permit.

10. Plaintiff has verified that the property is located in a zoning district which allows adult entertainment with use of a special permit.

11. On or about December 22, 2006, CHICAGO JOE'S submitted an application for Planning, Zoning and Site- Plan for the purpose: "To operate an adult use facility in all adult use categories as defined in the Code of Ordinances of the Village of Broadview"

on the premises owned by it as described above. A copy of that application is deemed as Exhibit "A" and incorporated herein.

12. On February 28, 2007, a public hearing was held on the request for a special use permit by Plaintiff by the Village of BROADVIEW Planning and Zoning Commission.

13. Based on that hearing, the Village of BROADVIEW Planning and Zoning Commission issued a recommendation to the BROADVIEW Board of Trustees that Plaintiff's application for a Special Use permit to operate the business which it described in its application be denied. Each of the individual defendants herein participated in the action of the Board of Trustees in denying the Special Use Permit sought by Plaintiff. Each of those individuals is sued herein in their individual capacity as a result of their personal participation in causing the Village of BROADVIEW to enforce its ordinances in such a way as to deprive Plaintiff of its right to operate its lawful business at the premises owned by Plaintiff.

14. Plaintiff is entitled to the issuance of the Special Use Permit under the ordinances of the Village of BROADVIEW and none of the Defendants recited any legitimate reason under the provisions of that Ordinance as a reason to deny Plaintiff's application for that Special Use Permit.

15. The reason for the refusal of the Board of Trustees of Defendant BROADVIEW to grant the Special Use Permit sought by Plaintiff was because of Defendants' hostility to the speech in which Plaintiff seeks to engage, i.e., adult entertainment.

16. Defendant BROADVIEW has enacted a Zoning Ordinance regulating Adult

Uses. A copy of the codified adult use Ordinance (hereinafter the "Ordinance") is attached as Exhibit "B" and incorporated herein. This Ordinance sets forth the zoning and licensing requirements for adult uses only with a special permit, including the use sought by Plaintiff.

17. Specifically, it is made unlawful to establish an adult use without *first* obtaining a special use permit.

18. A special use permit may be granted only by the Board of Trustees. The provisions of the BROADVIEW *Zoning* Ordinance insofar as it relates to special use permits is attached hereto as Exhibit "C" and incorporated herein.

19. Defendants are allowed to consider various different standards contained in the Zoning Ordinance, including whether the use will have a "substantial injury to the value of other property in the neighborhood."

20. However, nothing in the ordinance requires the Board of Trustees to make specific findings or state specific reasons for their decision in voting upon an application for a Special Use Permit such as that sought by Plaintiff.

21. The Board of Trustees may impose additional conditions and restrictions upon the location, construction, design and operation of a special use as they shall respectively find "necessary to assure compliance with the above standards, to reduce or minimize the effort of such permit upon other properties in the neighborhood, and to better carry out the general intent of this ordinance." There is no limitation whatsoever upon the conditions which may be imposed under this ordinance.

22. Defendant BROADVIEW does not allow adult use establishments to exist anywhere in the Village as a matter of right.

23. Defendants have refused to grant CHICAGO JOE'S a special use permit for the reason that they wish to suppress and prohibit the kind of entertainment Plaintiff wished to make available to willing adults, which is a content-based prohibition against certain kinds of speech specifically forbidden by the First Amendment.

24. Defendant BROADVIEW's licensing and zoning procedures are unconstitutional in that they have not provided Plaintiff with any alternative avenues of expression, nor do they comply with the constitutional requirement that they be given a prompt hearing, prompt notice and prompt judicial review.

25. Defendant BROADVIEW's licensing and zoning procedures are also unconstitutional because they grant to its Board of Trustees unbridled discretion in granting or denying special use permits for adult businesses such as that sought to be operated by Plaintiff.

26. Plaintiff CHICAGO JOE'S has hired the undersigned attorneys, and is obligated to pay reasonable attorney fees and is being prevented from using its property in the manner in which it lawfully wished to do, which is causing it monetary damages each day Plaintiff's prevented from operating its business.

## LEGAL ALLEGATIONS

27. All Actions referenced above and taken by Defendant BROADVIEW were under the color of the laws of the state of Illinois.

28. The right to offer adult-oriented entertainment is protected by the First and Fourteenth Amendments to the United States Constitution.

29. Defendant BROADVIEW's licensing and zoning ordinances applicable to adult uses constitute a prior restraint on free speech.

30. Defendant BROADVIEW's ordinances applicable to adult uses do not provide the essential procedural safeguards required by the United States Supreme Court for the protection of speech.

31. The conditions and standards which can be imposed on the issuances of a special exception for an adult use are vague, and vest unbridled discretion in Village officials whether to grant or deny license.

32. Defendant BROADVIEW's licensing/permitting procedure for adult uses fails to require the granting or denial of a license with specified, brief time period.

33. Defendant BROADVIEW's licensing/permitting procedure for adult uses fails to provide for prompt judicial review.

34. Defendant BROADVIEW's licensing/permitting procedure for adult uses fails to serve a substantial or significant governmental interest, and is not narrowly tailored to serve any such interest.

35. Defendant BROADVIEW fails to regulate adult communicative businesses by the least restrictive means available.

36. Defendant BROADVIEW's licensing/permitting procedures constitutes a content-based, prior restraint on free speech.

37. Defendant BROADVIEW's distance and zoning restrictions for adult uses, as well as the requirement that all adult uses must obtain a special use permit in order to operate fail to provide for adequate alternative avenues of communication.

38. Defendant BROADVIEW's zoning, licensing and permitting procedures for adult uses are unconstitutional on their face.

39. Defendant BROADVIEW has unconstitutionally applied its building permit and license renewal procedure in such a manner as to deny to Plaintiff CHICAGO JOE'S its right to disseminate adult-oriented speech.

40. The subject ordinances were adopted with a predominately censorial purpose and without any legitimate governmental reason.

41. The enactment of and application of the subject ordinances violates the First and Fourteenth Amendments to the United States Constitution on their face, and as applied to Plaintiff.

42. As a result of the actions of Defendants, Plaintiff CHICAGO JOE'S is entitled to relief from this court pursuant to 42 U.S.C. 1983.

## COUNT I

### Declaratory Relief

43. Plaintiffs CHICAGO JOE'S and CONWAY reallege the allegations contained in Paragraphs 1-41.

44. This is an action for Declaratory Relief pursuant to 42 U.S.C 2201 and 2202.

45. There is actual, bona fide controversy between Plaintiffs and Defendant BROADVIEW in that Plaintiffs contend that the subject ordinances are unconstitutional on their face, and as applied, in violation of the First and Fourteenth Amendments to the United States Constitution, whereas Defendant BROADVIEW presumably contends that its ordinances and actions are constitutional.

46. Plaintiffs are unable to use its property for the use it seeks, without fear of prosecution by Defendants for operating such a business in specific contravention of the ordinances of the Village.

WHEREFORE, Plaintiffs request that this Court enter a Declaratory Judgment finding that the subject ordinances are unconstitutional, on their face, and as applied to Plaintiffs CHICAGO JOE'S and CONWAY, and further awarded court costs incurred in prosecuting this action including a reasonable attorney's fee pursuant to 42 U.S.C. 1988, and such further relief pursuant to 28 U.S.C. 2202 as this Court may deem appropriate, including requiring issuance of any necessary licenses or permits for Plaintiff CHICAGO JOE'S and CONWAY to use its property in the manner it seeks.

## COUNT II

### Injunctive Relief

47. Plaintiffs CHICAGO JOE'S and CONWAY reallege the allegations in Paragraphs 1-45 inclusive.

48. This is an action for injunctive relief.

49. Defendant BROADVIEW has the actual and present ability to continue to enforce the subject Ordinances, and to punish Plaintiffs for the suspected free expression by continuing to deny it a special use permit for the operation of its business.

50. The mere existence of the prior restraint on free speech causes a chilling effect on protected expression.

51. Deprivation of First Amendment Rights constitutes irreparable injury, per se.

52. Any harm to Defendant BROADVIEW resulting form the issuance of an injunction is substantially outweighed by the harm to Plaintiffs caused by the depravation of cherished First Amendment Rights.

53. It is always in the public interest to protect constitutional freedoms by enjoining unconstitutional laws.

54. Any legal remedy is per se inadequate when loss of First Amendment rights is involved.

55. Injunctive relief is appropriate upon such declaration that a law is unconstitutional.

WHEREFORE, Plaintiffs CHICAGO JOE'S and CONWAY request that this Court enters an order enjoining Defendants BROADVIEW, HENRY VICENIK, FITZGERALD MULLINS, JAMES JOHNSON, JR., ROBERT PAYNE, MICHAEL TYL, JOHN FERGUSON, SAM D'ANZA, KEEHM, JUDY ABRAHAM, BILLY DAVIS, JUANITA HINTON JOHNSON, MINNIE REESE, and RAY DONATO, and its agents and employees, from enforcing its Adult Uses Ordinances in such a matter so as to prohibit Plaintiff CHICAGO JOE'S from engaging in the dissemination of protected speech, and further award court costs incurred in prosecuting this action including a reasonable attorney's fee pursuant to 42 U.S.C. 1988.

## COUNT III

### Damages

56. Plaintiffs CHICAGO JOE'S and CONWAY reallege the allegations in Paragraphs 1-54 inclusive.

57. Defendants' actions in denying Plaintiff a Special Use Permit to operate that business has deprived Plaintiff of its investment in property, and has also deprived it of the profits it would have earned had Plaintiff been able to use its property for the purposes it desires.

58. Plaintiff has been and will be damaged in the amount of Ten Million Dollars ($10,000,000.00).

WHEREFORE, Plaintiffs CHICAGO JOE'S and CONWAY request the Court to enter judgment in its favor against Defendants VILLAGE OF BROADVIEW, and Illinois Municipal Corporation ("BROADVIEW"), HENRY VICENIK, FITZGERALD MULLINS, JAMES JOHNSON, JR., ROBERT PAYNE, MICHAEL TYL, JOHN FERGUSON, SAM D'ANZA, BEVERLY KEEHM, JUDY ABRAHAM, BILLY DAVIS, JUANITA HINTON JOHNSON, MINNIE REESE, and RAY DONATO in the amount of Ten Million Dollars ($10,000,000.00), plus costs, including attorneys fees as authorized by 42 U.S.C. 1988, and its costs of suit herein.

DATED THIS _1 2_ day of May, 2007

_[signature]_

Michael Maksimovich
Attorney for Plaintiff
8643 West Ogden Avenue
Lyons, Illinois 60534
(708) 447-1846

## DECLARATION
## 28 U.S.C. § 1746

I, Joseph Inovskis, do declare as follows:

1.     I am a member of the Plaintiff, Chicago Joes Tea Room, LLC.
2.     I have personal knowledge of the facts alleged in the foregoing Complaint, and declare, under penalty of perjury, that the facts alleged therein are true and correct.
3.     I have executed this declaration on May _12_, 2007.

_[signature]_
Joseph Inovskis

# MICHAEL MAKSIMOVICH
ATTORNEY AT LAW, P.C.

April 30, 2007  8643 WEST OGDEN, LYONS, ILLINOIS 60534
TEL: (708) 447-1040
FAX: (708) 447-1846

<u>Via Facsimile (815) 838-0913</u>

Steven Luzbetak
Attorney At Law
1000 S. Hamilton Street
Suite A
Lockport, Illinois 60441

RE:    Chicago Joe's Tea Room

Dear Mr. Luzbetak:

It is my understanding that the parties have mutually agreed to the extension of the closing date to June 30, 2007. In consideration of the said extension my client will deposit an additional $100,000.00 as non-refundable earnest money with Mr. Conway personally with the understanding that he intends to use the earnest money to come current with his mortgage in order to keep possession of the property. The parties have agreed that the purchase price is increased from $1,250,000.00 to $1,350,000.00. Upon your client's deposit of said money with his lender, your client herein agrees to provide proof of said deposit.

Additionally, my client is in the process of filing a Federal Law Suit against the Village of Broadview regarding my client's proposed use of the property. Under the Federal Rules, all persons or entities with an interest in the property must be sited in said filing including the current owner, the land trust acquiring the property and all future leases (Chicago Joe's Tea Room, LLC). Thereby, my client is requesting that Mr. Conway permit his name as the Owner of Record to be placed on said Federal Filing. Obviously this will be at no detriment or cost to your client.

In addition, my client is requesting permission to allow a masonry contractor to repair the brickwork on the building at my client's expense to bring the building up to code prior to closing. For the masonry work to be performed my client is requesting a credit in the amount of $3,350.00.

If this is your understanding of the agreement please so indicate by returning an executed copy of this correspondence at your earliest opportunity.

Yours Very Truly,

Michael Maksimovich

AGREED: _____
DATE: _4/30/07_

MM/pw

# EXHIBIT A

**Village of Broadview**
2350 SOUTH 25TH AVENUE * BROADVIEW, ILLINOIS 60155-3800
Telephone: (708) 345-6174 or (708) 681-3600
FAX: (708) 681-2018

## PLANNING, ZONING AND SITE-PLAN APPLICATION
(PRINT OR TYPE ALL ENTRY INFORMATION)

Submit to the Village of Broadview Building Department the original of this completed application(s) form, along with **ten (10) copies of the SITE PLAN and (10) copies of a currently dated **Plat of Survey,** signed & sealed by a Registered Professional Illinois Land Surveyor. **SAID DATE OF THE PLAT OF SURVEY SHALL BE NO MORE THAN 60 DAYS PRIOR TO THE DATE OF THE APPLICATION FILED FOR SITE PLAN REVIEW. ALL FEES MUST BE PAID AT TIME OF APPLICATION.

### 1. General Information

Project Name: CHICAGO JOE'S TEAROOM

Applicant(s) Name: JOSEPH INOUSKIS
c/o JAMES ROCHE, ESQ.
Address: 1042 N. DEARBORN
CHICAGO, IL 60610
Telephone: (312) 335-0044
FAX: (312) 335-9009

Submittal Date: 12/22/06

Property Owner(s) Name: CHICAGO JOE'S TEA ROOM, LLC.
~~Property Owner(s) Name~~ CONTRACT BUYER
c/o JAMES ROCHE, ESQ.
Address: 1042 N. DEARBORN
CHICAGO, IL 60610
Telephone: (312) 335-0044
FAX: (312) 335-9009

### 2. ACTION REQUESTED – (Check only the one that applies):

____ Zoning Text Amendment ($300.00)
____ Zoning Map Amendment ($300.00)
____ Appeal ($200.00)
____ Other. Explain: _____
____ Site Plan Review ($300.00)
✓ Special Use Permit ($400.00)
____ VARIATION ($200.00 Residential, $300 Commercial)

### 3. NATURE OF REQUEST – (Briefly describe what the actual request is):

(SEE ATTACHED)

### 4. BASIS OF REQUEST – (Briefly describe why the request is being made):

(SEE ATTACHED)

### 5. PROPERTY INFORMATION – (Attach additional sheet if necessary):

Common Address or Location of the Property: 2850 INDIAN JOE ROAD
Legal Description of the Property taken from Plat of Survey, Deed, Title Policy or Real Estate Transaction):

(SEE ATTACHED PLAT OF SURVEY)

### 6. Property Information (continued): 15-16-404-018-0000
Property (Parcel) Identification (PIN # taken from Tax Bill, County Assessor Map, Real Estate Transaction):

**Parcel Size (Length & Width):** @ 275 v 150'      (Square Feet / Acreage): 37, 504

Describe any existing structures on the site. Include length & width and area of each:
ONE BUILDING OF 17,344 S.F. APPROXIMATELY 180 FEET
LONG (EAST-WEST) AND 95 FEET WIDE (NORTH-SOUTH)

*Comprehensive Plan Designation (Future Land Use Plan): INDUSTRIAL

**Zoning:** Existing: OFFICE/INDUSTRIAL    **Land Use:** Existing: INDUSTRIAL
Proposed: OFFICE/INDUSTRIAL          Proposed: COMMERCIAL/
                                              ADULT

### 7. Applicants Experts (As Appropriate) –

**Attorney:**
Name: JAMES ROCHE    Name:            **Architect:**
Address: 642 N. DEARBORN
       CHICAGO IL 60610              Address:
Telephone: (312) 335-0044            Telephone: (  )
FAX: (312) 333-9009                  FAX: (  )
e-mail: JROCHE@JJROCHE              e-mail:
              .NET

**Engineer:**
Name:                                **Land Surveyor:** ROBERT J. SILANDER
Address:                             Name: MORRIS ENGINEERING
                                     Address: 5100 S. LINCOLN
Telephone: (  )
FAX: (  )                            Telephone: (630) 271-0770
e-mail:                              FAX: (630) 271-0774
                                     e-mail: OFFICE@ECIVIL.COM

**Landscape Architect:**
Name:                    Name:       **Land Planner:**
Address:                             Address:
Telephone: (  )
FAX: (  )                            Telephone: (  )
e-mail:                              FAX: (  )
                                     e-mail:

I hereby agree to pay all associated fees, i.e. legal, publishing, etc. in addition to the application
fee. All of the above information in this application is true and accurate to the best of my
knowledge and belief. ALL FEES PAID ARE NON-REFUNDABLE.

_____        _____ 12/22/06
(SIGNATURE OF APPLICANT or AGENT)            DATE

TO BE FILLED OUT BY THE BUILDING DEPARTMENT OFFICE
APPLICATION FEE: $_____  FOR THIS
                                              REQUEST
DATE RECEIVED:
CASH:_____ OR CHECK NO._____ AMOUNT RECEIVED: $_____
(ZBA / PC FORM 2005 – 2)                 RECEIVED BY: _____

## Addendum To Village Of Broadview Planning, Zoning And Site Application
## Chicago Joe's Tea Room – December 21, 2006

### 3. Nature Of Request – (Briefly describe what the actual request is:)

I am the contractual buyer of the building located at 2850 Indian Joe Road and I am requesting a special use permit to operate a restaurant/adult use business in a zoning district classified as Office/Industrial.

More specifically, I am seeking the following from the Village of Broadview:

Permission to operate an adult use facility in all adult use categories as defined in the Code of Ordinances of the Village of Broadview, permission to operate a restaurant with the ability to sell alcohol, permission to operate 24 hours per day – seven days per week, permission to operate a valet parking service for customers and employees in order not to disturb current traffic or parking patterns in the surrounding area, and permission to use an off site parking lot in addition to on site parking.

### 4. Basis Of Request – (Briefly describe why the request is being made:)

The current zoning classification of office/industrial for the site requires a special use permit to operate both a restaurant and/or any adult use facility.

### 5. Property Information – (Attach additional sheet if necessary:)

The attached survey recently completed by Morris Engineering includes the legal description of the property.

# EXHIBIT B

## 10-2-2: DEFINITIONS:

ACCESSORY BUILDING OR STRUCTURE: A subordinate building or structure, including garages, the use of which is in keeping with, and incidental to that of the main building. Said accessory building shall clearly be located on the lot of the main building, and shall not be used for habitation.

ADULT BUSINESS: Any establishment having as a substantial or significant portion of its stock in trade or business activity in a use such as, but not limited to, the following: adults only bookstores, adults only motion picture theaters, adult entertainment centers, rap parlors, adults only nightclubs or adults only saunas, where explicit sexual conduct is depicted and/or sexual activity is explicitly or implicitly encouraged or tolerated.

ADULT ENTERTAINMENT BUSINESS: Synonymous with "Adult Business", as defined in this section.

ADULT ENTERTAINMENT CENTER: An enclosed building or part of an enclosed building, which contains one or more coin operated mechanisms which when activated permit a customer to view a live nude person or in such attire, costume or clothing as to expose to view the human male or female genitalia; pubic hair; buttocks; perineum; anal or pubic regions; or, female breast, at or below the areola thereof. In addition, the viewing of a live person, in the above described manner, after paying of any admission or fee for the viewing of the same activity.

ADULTS-ONLY: Any items or activities emphasizing, depicting, describing or relating to nudity, explicit sexual conduct (whether autoerotic, heterosexual, homosexual or otherwise), bestiality or sadomasochistic activity.

ADULTS-ONLY BOOKSTORE: Any adults-only establishment having as a substantial or significant portion of its stock-in-trade, books, magazines, films for sale or viewing on-premises by use of motion picture devices or other coin-operated means, and other periodicals which are distinguished or characterized by their principal emphasis on matters depicting, describing or relating to nudity, explicit sexual conduct (whether autoerotic, heterosexual, homosexual or otherwise), bestiality or sadomasochistic activity. Any establishment, having adults-only items as a substantial or significant portion of its stock, that sells or displays adults-only items for sale to patrons therein.

ADULTS-ONLY MOTION PICTURE THEATER: An enclosed building used regularly and routinely for presenting adults-only material distinguished or characterized by an emphasis on matter depicting, describing or relating to nudity, explicit sexual conduct (whether autoerotic, heterosexual, homosexual or otherwise), bestiality or sadomasochistic activity, for observation by patron therein.

ADULTS-ONLY NIGHTCLUB: An establishment or place either occasionally or primarily in the business of featuring topless dancers, go-go dancers, exotic dancers, strippers, male or female impersonators or similar entertainers, where explicit sexual conduct is depicted and/or sexual activity is explicitly or implicitly encouraged or tolerated.

ADULTS-ONLY SAUNA: An establishment or place primarily in the business of providing a steam bath and/or massage services, where explicit sexual conduct is depicted and/or sexual ACTIVITY IS EXPLICITLY OR IMPLICITLY ENCOURAGED OR TOLERATED.

# EXHIBIT C

10-4-6: SPECIAL AND CONDITIONAL ZONING DISTRICT USE STANDARDS:

11. Adult businesses are subject to the following:

a. It shall be unlawful for any adult business to sell, distribute, or permit beer or alcoholic beverages on the premises.

b. No merchandise or pictures of the products or entertainment on the premises shall be displayed in window areas or any other exterior area of the building or site that can be seen by the public from the outside of the building.

c. Only one adult business shall be permitted per block face.

d. Adult uses must be located a minimum of one thousand feet (1,000') from the property boundaries of any school, daycare center, cemetery, public park, forest preserve, public housing, and place of religious worship.

e. Adult uses must be located in a freestanding building of less than twenty thousand (20,000) square feet.

**3-3-3:** **CLASSIFICATION OF LICENSES:** Retail liquor licenses shall be divided into the following classes:

Class A License: Which shall authorize the retail sale of alcoholic liquor for consumption only, on the premises specified.

Class B License: Which shall authorize the retail sale of alcoholic liquor but not for consumption on the premises where sold.

Combination Of Classes A And B: Any person engaged in the retail sale of alcoholic liquor and qualified to purchase both a Class A and a Class B license may do so if such businesses are conducted in one premises or location and provided there are licenses available.

Class C License: (Restaurant) which shall authorize the retail sale of alcoholic liquor for consumption on the premises in conjunction with the sale of food. (Ord. 89-8, 6-5-1989)

**3-3-4:** **SPECIAL PROVISIONS FOR CERTAIN LICENSES:**

A.    Class A License: Dancing, entertainment and music furnished for customers shall not be allowed under a Class A license.

B.    Class C License: Ninety percent (90%) of the square foot area of any premises with a Class C license must be devoted to the preparation and serving of food and used as such under that Class of license. (1987 Code)

**3-3-5:** **NUMBER OF LICENSES ISSUED:** There shall be issued in the Village, to be effective at any time, no more than: six (6) Class A licenses; no more than five (5) Class B licenses; no more than one Class C license where a service bar only is allowed on the premises. (Ord. 89-8, 6-5-1989)

**3-3-6:** **LIST OF LICENSES KEPT:** The President shall keep or cause to be kept a complete record of all licenses issued by him and shall furnish the Clerk, Treasurer and Chief of Police each with a copy thereof. Upon the issuance of any new license or the revocation of any old license, the President shall give written notice of such action to each of these officers within forty eight (48) hours of such action. (1987 Code)

*Village of Broadview*