UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHICAGO JOE's TEA ROOM, LLC, and PERVIS CONWAY, | ) ) ) |
| Plaintiffs, | ) Case No. 07 C 2680 |
| v. | ) ) Judge Joan B. Gottschall |
| VILLAGE OF BROADVIEW, et al., | ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION & ORDER

In its memorandum opinion and order dated September 11, 2008 (Doc. No. 67) the court invited Plaintiffs Chicago Joe's Tea Room, LLC and Pervis Conway (collectively "Chicago Joe's") to move for reconsideration of its denial of their motion for summary judgment as to the facial unconstitutionality of § 10-7-4 of the Village of Broadview Zoning Ordinance (the "Zoning Code"). The court initially denied Chicago Joe's motion on this issue because it was inadequately briefed. *See* Sept. 11, 2008 Mem. Op. & Order 39. Now, with the benefit of the parties' six additional memoranda, the court reconsiders its initial denial of summary judgment.

### I. BACKGROUND[1]

The Village of Broadview Board of Trustees (the "Board") denied Chicago Joe's a special use permit to locate in the office/industrial district of the Village of Broadview (the "Village") because it found that Chicago Joe's operation violated Zoning Code § 10-4-6, which specifically regulates adult use facilities in the Village. In its previous summary judgment order,

---

[1] Facts are taken from the parties' Rule 56.1 statements of material facts and are undisputed unless otherwise noted.

the court found § 10-4-6 (a regulation which, *inter alia*, prohibited adult use facilities from serving alcohol on site) unconstitutional.[2]

Chicago Joe's also challenges § 10-7-4 of the Zoning Code, which specifies that the Board may authorize a special use permit only if it: (1) is necessary for the public convenience at the location; (2) is designed, located and proposed to be operated so that the public health, safety and welfare will be protected; and (3) will not cause substantial injury to property values. Zoning Code § 10-7-4. The court previously rejected – and is not revisiting – Chicago Joe's as-applied challenge to this section of the code because the official record of the Board did not rely on § 10-7-4 when it denied Chicago Joe's special use permit. *See* Sept. 11, 2008 Mem. Op. & Order 24. However, Chicago Joe's also maintains that § 10-7-4 is unconstitutional on its face; it is to that argument that the court now turns.

## II. ANALYSIS

On summary judgment Chicago Joe's seeks a finding that § 10-7-4 of the Zoning Code is, on its face, an unconstitutional prior restraint of expressive activities protected by the First Amendment because it vests "unbridled discretion" in the Board to deny a special use permit to adult entertainment venues wishing to locate in the office/industrial district of the Village. *See* Mem. 4 (Doc. No. 75).

In opposition, the Village contends that the standards set out in § 10-7-4 are sufficiently specific to limit the Board's discretion to grant or deny special use permits. Furthermore, the Village argues that the court must read the zoning ordinance as a whole; thus even if § 10-7-4 is indefinite on its own, the section adequately restrains the Board when it is read alongside the rest

---

[2] The court's ruling on this issue applies only to the version of § 10-4-6 in effect when the Board denied Chicago Joe's special use application; the section has since been amended.

of the Zoning Code, and in light of the requirements of Illinois law. *See* Resp. 8-10, 13 (Doc. No. 77).

In its previous order the court cited two reasons why Chicago Joe's had not met its burden of persuasion on summary judgment regarding its facial challenge to §10-7-4: (1) there is a disputed issue of material fact as to the quantity of land available in the Village where Chicago Joe's might relocate without seeking a special use permit[3] and (2) the application of the standards in § 10-7-4 to a variety of land uses (banks, restaurants, etc.) beyond adult entertainment strongly suggested that the section is constitutionally sound because it is content-neutral. *See* Sept. 11, 2008 Mem. Op. & Order 38.

A. Legal Standard

The law of prior restraint is composed of competing doctrines and policies most of which the Seventh Circuit views as too general to be of much assistance to courts balancing "weighty interests. . . on both sides" of First Amendment disputes. *See Thomas v. Chi. Park Dist.*, 227 F.3d 921, 924 (7th Cir. 2000). The subset of precedent governing restrictions on adult use facilities is murkier still. Variously, the Seventh Circuit suggests that regulation of adult use facilities amounts to "quasi-censorship" requiring "greater judicial vigilance" (*id.* at 927); dismisses the very value of "adult" expression (*see Blue Canary Corp. v. City of Milwaukee*, 251 F.3d 1121, 1124 (7th Cir. 2001) ("the expressive activity involved in the kind of striptease entertainment provided in a bar has at best a modest social value and is anyway not suppressed but merely shoved off to another part of town")); and muses in *dicta* that a small town might legally zone adult uses entirely out of its jurisdiction (*see Ill. One News, Inc. v. City of Marshall*, 477 F.3d 461, 463-64 (7th Cir. 2007)).

---

[3] "If a suitable location for Chicago Joe's exists in the M[anufacturing] District, then it need only move to avoid prior restraint." Sept. 11, 2008 Mem. Op. & Order 38.

3

Perhaps part of the confusion can be traced to the Supreme Court, which alternately applies the deferential "time, place and manner" standard and the probing prior restraint test to adult use regulations without clarifying precisely when each should be utilized. *See City of Renton v. Playtime Theatres Inc.*, 475 U.S. 41, 46 (1986) (mandating application of the time place and manner doctrine where the city did not "ban adult theaters altogether"); *but see FW/PBS v. City of Dallas*, 493 U.S. 215, 223 (1990) (declining to apply time, place and manner analysis despite absence of outright ban on adult uses).

In the Second Circuit, however, the answer to the dispute before the court would be clear as crystal: summary judgment should be denied. Relying on the holding in *Renton*, *Marty's Adult World of Enfield, Inc. v. Town of Enfield*, 20 F.3d 512 (2d Cir. 1994), upheld the Town of Enfield's requirement that Marty's Adult World seek a special use permit (and declined to apply prior restraint standards) because the shop could operate elsewhere in the town without having to obtain a special use permit. *Id*. at 515; *see also Cassanova Entm't Group, Inc. v. City of New York*, 375 F. Supp. 2d. 321, 335-36 (S.D.N.Y. 2005) (citing *Marty's Adult World* and noting that requiring special use permits for adult entertainment businesses is permissible unless no alternative sites exist where a business can locate without a special use permit). Under this reasoning, summary judgment would be inappropriate here because the parties dispute the quantity of land in the Village available for adult use facilities without recourse to the special use procedures of § 10-7-4.

Though the Seventh Circuit has not adopted the test in *Marty's Adult World* (*see Illinois One News, Inc. v. Village of Rockford*, No. 04 C 4055, U.S. Dist. Lexis 9570, at *30, 60 (N.D. Ill. 2006), *aff'd on other grounds*, 477 F.3d 461 (7th Cir. 2007) (conducting prior restraint *and* time, place and manner analysis in adult use zoning case)), and the Supreme Court has not

clarified the apparent conflict between its holding in *Renton* (limiting the application of prior restraint analysis to cases where bans on adult use facilities are imposed) and *FW/PBS* (which applied the prior restraint analysis in the absence of a ban), the plain implication of these precedents is a requirement that courts subject comprehensive regulations which provide *no space* where adult use facilities may locate *as of right* to more searching scrutiny. *Renton* acknowledged that an outright ban requires more than a "time, place and manner" analysis and *FW/PBS* addressed a comprehensive city-wide adult use licensing scheme where prior restraint analysis would classically apply. Here the court does not yet know how comprehensively the language of § 10-4-7 applies to adult use establishments in the Village because the parties dispute how much land is available for such purposes without a special use permit. Moreover, the Seventh Circuit in *Illinois One* held that the availability of land zoned for adult use as of right in neighboring jurisdictions may, additionally, be relevant to the instant constitutional dispute. *See Illinois One*, 477 F.3d at 464. To the court's knowledge, the record at present contains no such evidence. Accordingly, because the standard of review turns on factual matters in dispute or entirely outside the record, the court declines to render judgment as a matter of law as to the facial unconstitutionality of § 10-7-4.

All of the cases cited by Chicago Joe's in support of summary judgment effectively counsel this fact-specific approach to adult use zoning adjudication. *See* Reply 2 (Doc. No. 78), citing *Lady J. Lingerie, Inc. v. City of Jacksonville*, 176 F.3d 1358, 1361 (11th Cir. 1999) (applying prior restraint analysis after finding that only two adult use sites were available to plaintiff as of right); *Ellinos, Inc. v. Austintown Twp.*, 203 F. Supp. 2d 875, 880 (N.D. Ohio 2002) (applying prior restraint analysis where any adult use facility required the grant of a conditional use permit); *801 Conklin St, Ltd. v. Town of Babylon*, 38 F. Supp. 2d 228, 232, 244 (E.D.N.Y. 1999) (adult uses business only permitted in industrial district as a special exception); *TJ's South, Inc. v. Town of*

5

*Lowell*, 895 F. Supp. 1124, 1126 (N.D. Ind. 1995) ("No matter which district type it locates in, an eating-and-drinking establishment cannot present 'entertainment' without first obtaining a 'special exception'"); *Zebulon Enters., Inc. v. County of DuPage*, 496 N.E.2d 1256 (Ill. App. Ct. 1986) (applying prior restraint analysis where no standards at all guided the issuance of special use permits).

### III. CONCLUSION

Chicago Joe's motion for reconsideration of the court's denial of summary judgment is granted, but summary judgment is again denied.

ENTER:

/s/
JOAN B. GOTTSCHALL
United States District Judge

DATED: September 25, 2009