UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHICAGO JOE'S TEA ROOM, LLC et al., | ) | Case No. 07 C 2680 |
| Plaintiffs, | ) | |
| v. | ) | Judge Joan B. Gottschall |
| | ) | |
| THE VILLAGE OF BROADVIEW et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION & ORDER**

### I. BACKGROUND

Plaintiffs Chicago Joe's Tea Room, LLC and Pervis Conway (collectively, "Chicago Joe's") planned to open an adult use business featuring semi-nude dancing and a restaurant that sells liquor at 2850 Indian Joe Road in the Village of Broadview ("Village"). The site of the restaurant was in a district zoned for Office and Industrial use, so Chicago Joe's was required to seek a special use zoning permit. Chicago Joe's submitted an application for the special use permit in December 2006 in accordance with § 10-7-4 of the zoning code. That provision of the code established standards by which the Village was to evaluate special use applications. The Village held a public zoning hearing on February 28, 2007 at which Chicago Joe's presented its proposal. At the conclusion of the hearing, the Zoning Board of Appeals denied Chicago Joe's application on the ground that another provision of the zoning code, § 10-4-6(D)(11)(a), prevented adult businesses from selling alcoholic beverages. On May 11, 2007, Chicago Joe's filed this action against the Village and members of the Village Board of Trustees raising a First Amendment challenge to both § 10-4-6(D)(11)(a) and § 10-7-4 of the zoning code. Chicago Joe's sought declaratory relief, injunctive relief, and damages.

In November 2007, both sides filed cross-motions for partial summary judgment. The Village argued, first, that newly enacted zoning regulations mooted the case because Chicago Joe's could never comply with the new rules, and injunctive relief would be improper. In its September 11, 2008 order, the court rejected this argument, holding that, because of Chicago Joe's significant investment in the disputed site, it "had acquired a vested right [under Illinois law] in the continuation of [the zoning rules in effect in December 2006] during the pendency of its application." (Doc. 67 at 11.) Thus, the court need not consider the new zoning regulations passed since December 2006.

As to the merits of the claims, Chicago Joe's argued that there was no material dispute of fact that the two ordinances were invalid and that Chicago Joe's was entitled to declaratory and injunctive relief. The court held that § 10-4-6(D)(11) was an invalid content-based restriction on speech and Chicago Joe's was entitled to declaratory relief. (*Id.* at 35-36.) The court denied summary judgment as to Chicago Joe's claim that § 10-7-4 was a facially invalid prior restraint. (*Id.* at 39.) The court was concerned that the issue had not been adequately briefed and encouraged the parties to file motions to reconsider. Chicago Joe's did file a motion to reconsider (Doc. 74), but the court again denied summary judgment (Doc. 125). The court held that the validity of § 10-7-4 turned on a dispute of fact, and the court would have to hold a hearing on the validity question and on the propriety of injunctive relief.

Before a hearing was scheduled, the Village filed the present motion for summary judgment. (Doc. 176.)[1] The motion asks the court to dismiss the case for lack of subject matter jurisdiction because Chicago Joe's lacks standing to challenge the ordinances.

---

[1] Along with its motion for summary judgment, the Village filed a motion for leave to file a brief in excess of 15 pages. (Doc. 177.) That motion should have been noticed for presentment in accordance with Local Rule 5.3(b). Because of this oversight, the motion never came to the court's attention. However, Chicago Joe's has not objected,

## II. ANALYSIS

As an initial matter, Chicago Joe's correctly points out that this motion has been improperly brought under Rule 56. Summary judgment is an adjudication on the merits of a claim, but the court is required to examine its jurisdiction before reaching the merits. *Winslow v. Walters*, 815 F.2d 1114, 1116 (7th Cir. 1987). Of course, the court has already considered the merits of this dispute by declaring a portion of the Village zoning code unconstitutional. But dismissal is proper at any stage of the proceeding if the court concludes that it lacks jurisdiction. *Craig v. Ontario Corp.*, 543 F.3d 872, 875 (7th Cir. 2008). Accordingly, the court will treat the Village's motion as one to dismiss under Rule 12(b)(1).

In support of its motion, the Village relies primarily on *Harp Advertising Illinois, Inc. v. Village of Chicago Ridge, Illinois*, 9 F.3d 1290 (7th Cir. 1993). In *Harp*, the plaintiff sought to erect a billboard in Chicago Ridge. Certain town ordinances stood in its way. The plaintiff contended that the ordinances violated the First Amendment. The Seventh Circuit held that the district court had no subject matter jurisdiction to reach the First Amendment questions. A separate ordinance, which the plaintiff did not challenge, limited the size of all signs to 200 square feet. Because the plaintiff sought to erect a sign six times larger than the maximum, the Seventh Circuit concluded that there was no standing because, even if the court declared the challenged ordinances unconstitutional, the plaintiff would still be unable to erect its sign. The Village argues that Chicago Joe's faces the same problem as the plaintiff in *Harp*.

The Village has suddenly discovered a laundry list of regulations which, it contends, prevent Chicago Joe's from ever operating its restaurant at the proposed location. The Village complains that the plan proposed by Chicago Joe's did not include sufficient parking, did not

---

and the motion for summary judgment is now fully briefed. Accordingly, the court will grant the Village's motion to file an oversize brief.

include space for loading, did not provide accessible parking or an accessible route to the front entrance, did not provide for proper landscaping, did not provide for adequate off-site parking, and improperly provided for parking on a Village right of way. The Village also contends that Chicago Joe's cannot comply with a requirement to keep its windows clear from obstruction and also protect the public from displays of "adult expression." According to the Village, this court lacks jurisdiction because it cannot provide the relief Chicago Joe's ultimately requests, the right to open its restaurant at the proposed location.

In one sense, the court agrees with the Village. The court cannot free Chicago Joe's from its obligation to comply with all the applicable, unchallenged zoning regulations. However, Chicago Joe's is, essentially, seeking relief only from two specific ordinances. Unlike the plaintiff in *Harp*, Chicago Joe's may be able to comply with other, valid regulations. In *Northeastern Florida Chapter of the Associated General Contractors of America v. City of Jacksonville, Florida*, 508 U.S. 656 (1993), the Supreme Court held that white contractors could challenge a minority set-aside program, even though the plaintiffs could not establish that any particular contractor would ultimately be able to secure a government contract. The Court explained that:

> When the government erects a barrier that makes it more difficult for members of one group to obtain a benefit than it is for members of another group, a member of the former group seeking to challenge the barrier need not allege that he would have obtained the benefit but for the barrier in order to establish standing. The "injury in fact" in an equal protection case of this variety is the denial of equal treatment resulting from the imposition of the barrier, not the ultimate inability to obtain the benefit.

*Id.* at 666. The Seventh Circuit has applied this same standing theory in the context of a First Amendment challenge. *See Tarpley v. Jeffers*, 96 F.3d 921, 923-24 (7th Cir. 1996) ("Thus Tarpley could presumably establish standing to challenge the hiring process for the temporary

4

positions by showing that he would have been 'able and ready' to apply for the temporary position, had he not been prevented from doing so by the patronage hiring practice."). In this case, the application of the two challenged ordinances stand as a barrier to Chicago Joe's effort to open its restaurant. Chicago Joe's need not demonstrate that it will ultimately prevail. If the court enjoins enforcement of the ordinances, Chicago Joe's will still have to navigate whatever process remains before the zoning board.

The fact that Chicago Joe's original application may have been deficient in some respects is not dispositive. As the Village itself notes, when a zoning application is denied, the applicant is not barred from resubmitting the same application for reconsideration. *Hazelton v. Zoning Bd. of Appeals of City of Hickory Hills*, 363 N.E.2d 44, 47 (Ill. App. Ct. 1977) ("[I]t is well established that a prior determination by an administrative body is not res judicata in subsequent proceedings before it."). The court sees no reason why Chicago Joe's cannot eventually comply with the parking and other regulations.

The Village contends that Chicago Joe's has not come forward with evidence that it can comply with the regulations. The parties have submitted voluminous exhibits explaining the various regulations and how they relate to Chicago Joe's proposal. However, as Chicago Joe's notes, this court is not empowered to resolve zoning disputes. *Harding v. County of Door*, 870 F.2d 430, 432 (7th Cir. 1989). The parties argue over which zoning regulations are applicable to which type of permit and whether the Village failed to give Chicago Joe's proper notice of some of the requirements. The court need not resolve any of these disputes. Once a hearing has been held on the validity of § 10-7-4, the court can craft appropriate declaratory or injunctive relief and send Chicago Joe's back to complete the zoning process. The court can even defer action on

5

the claim for damages until it becomes clear whether Chicago Joe's will be able to comply with all the zoning regulations. *See Wilson v. Robinson*, 688 F.2d 380, 384 (8th Cir. 1981).

The Village also points to a state statute passed in August 2007 which prohibits the placement of "a new adult entertainment facility within one mile of the property boundaries of any school, day care center, cemetery, public park, forest preserve, public housing, or place of religious worship located in that area of Cook County outside of the City of Chicago. *See* 65 Ill. Comp. Stat. 5/11-5-1.5. The proposed site for Chicago Joe's restaurant is within one mile of a cemetery, schools, parks, and a church. However, as the court explained in its September 2008 opinion, by making significant investment in the property in reliance on the previous zoning law, Chicago Joe's acquired a vested right in the continuation of the law as it existed at the time of its application in December 2006. (Doc. 67 at 8-11 (citing *1350 Lake Shore Assocs. v. Healey*, 861 N.E.2d 944, 950 (Ill. 2006)).) Thus, the December 2007 change to Illinois law cannot be applied to Chicago Joe's application.

### III. CONCLUSION

Accordingly, the Village's motion is denied.

ENTER:

       /s/
JOAN B. GOTTSCHALL
United States District Judge

DATED: March 9, 2011